RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/3/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANNY JACKSON (#375115) | DOCKET NO. 1:13-CV-585; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN TIMOTHY KEITH | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Danny Jackson, filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (DOC), and he is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff claims that his First and Fourteenth Amendment rights were violated with regard to his practice of religion. He names as defendants Warden Tim Keith, Monay Heyse, Randy Oliff, Brenda Smiley, and Chaplain Lewis.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that on October 10, 2012, the call-outs for the Islamic Community of Winnfield (ICW) started being delayed, such that the three hour time allotment was cut short. On October 27th, the ICW was deprived of its entire three hour call-out. Plaintiff concludes that, since WNC was hosting its annual Poetic Thoughts contest and its Kairos retreat at that time, there was no security threat or penological reason to cancel the call-out on

October 27, 2012.

Plaintiff complains that the Defendant violated his right to practice religion by delaying or canceling call-outs; violated his right to equal protection by not providing him with the same or similar treatment as provided to other religious groups; and, violated his due process rights by not following the DOC policy and procedure for religious call-outs or practices.

In response to an administrative remedy complaint about the call-outs, Mona Heyse informed Plaintiff that an investigation indeed revealed that several of Plaintiff's call-outs had been cancelled prematurely due to late pill call our inmate count. She notes that the officers were counseled to ensure that the cancellations did not happen again. [Doc. #1-2, p.1.]

### *Law and Analysis*

1. First Amendment

Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights. The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). In this case, Plaintiff has not identified a prison regulation or practice that

restricts his right to the free exercise of his religion. In fact, he points out a prison regulation or practice that allows his religious group to meet regularly, for three hours at a time, for religious education or Ta'leem. [Doc. #1, p.5]

Plaintiff has identified a few instances in early October 2012 where his religious call-outs were "delayed or called late" and/or "rushed." [Doc. #1, p.5] On one occasion - October 27, 2012 - his group's religious call-out was cancelled. The institution responded to Plaintiff's complaint stating that it had taken care of the problem, and Plaintiff has had no further complaints. Neither a single instance of a cancelled service nor a few instances of delayed or late call-outs indicates a regulation or practice of denying the exercise of Plaintiff's religion. Because the Plaintiff has not alleged a regulation or practice, there is no need to apply the test of Turner v. Safley, 482 U.S. 78 (1987)[1].

2.  Equal Protection

Plaintiff complains that his Equal Protection rights were violated under the Fourteenth Amendment with respect to his ability

---

[1] Satisfying the Turner test requires the court to look at the regulation at issue and determine: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) whether "there are alternative means of exercising the right that remain open to prison inmates"; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates"; and (4) whether there is an "absence of ready alternatives." Id. at 89-90 (citations and internal quotation marks omitted).

to practice his religion in a manner similar to that permitted by other religious groups. To state a Fourteenth Amendment Equal Protection Clause violation, Plaintiff must allege that he received treatment different from that received by similarly situated individuals **and** that the unequal treatment stemmed from a discriminatory intent. <u>Taylor v. Johnson</u>, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff's allegations that his call-out was cancelled once and late or delayed a handful of times in October 2012 does not establish that he received treatment different from similarly situated individuals. Even if it did, Plaintiff has not alleged a discriminatory intent. Plaintiff and Defendant Heyse agree that the missed or delayed designated worship time for Plaintiff's group was due to late pill calls and/or late counts. Plaintiff's pleadings imply, and the response from WNC supports, that any delay or cancellation of call-outs was due to errors by WNC. This presents a claim for negligence; there is no non-conclusory allegation that any defendant acted with a discriminatory intent.

3. Due Process

Plaintiff claims that his due process rights were violated because the defendants (1) did not follow the DOC policy and procedure for religious call-outs and (2) did not follow the DOC policy and procedure for timely responding to his administrative grievance. Both claims fail because a prison official's failure to

follow the institution's policies, procedures, and regulations does not constitute a violation of due process. See Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006)(citing Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 31 day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6